IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dr. Gregg Battersby, | Civil Action No.: 8:15-00066-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Stanley Ashley, Michelle Hendrix, Greg Williamson, and John Does 1-20,[1] | |
| Defendants. | |

On January 6, 2015, Plaintiff filed this 42 U.S.C. § 1983 action alleging that Defendants violated his Fourth and Fourteenth Amendment rights by arresting Plaintiff without probable cause and withholding exculpatory evidence. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Jacquelyn D. Austin, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation ("Report") which recommends that Defendants' motion for summary judgment be granted and Plaintiff's motion in limine be found as moot. (ECF No. 72.) Plaintiff filed timely objections to the Report. (ECF No. 74.) For the reasons set forth herein, the Court adopts the Report.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff filed this

---

[1] Because Plaintiff has not served "John Does 1-20," the Court dismisses these defendants from this action. *See* Fed. R. Civ. P. 4(m) (requiring defendants to be served within ninety days after a complaint is filed).

1

matter on January 6, 2015, alleging violations of his constitutional rights. (ECF No. 1.) Liberally construing the complaint,[2] the Court finds that Plaintiff has brought suit against Defendants under § 1983 for malicious prosecution, false arrest, and false imprisonment under the Fourth Amendment, alleging that Defendants caused Plaintiff to be arrested without probable cause. (ECF No. 27 at 2–4.) Plaintiff also brings a § 1983 claim against Defendants under the Fourteenth Amendment for violation of his due process rights by withholding exculpatory audio statements from the Solicitor. (*Id.* at 4–5.)

On September 10, 2015, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 53.) Plaintiff filed a motion in limine on October 15, 2015. (ECF No. 59.) After consideration of Plaintiff's response filed in opposition to the motion for summary judgment (ECF No. 57) and Defendant's response filed in opposition to the motion in limine (ECF No. 64), the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and the motion in limine be found as moot. (ECF No. 72.) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[3]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).

---

[2] The Court draws the allegations from Plaintiff's Third Amended Complaint, filed on April 7, 2015. (ECF No. 27.)

[3] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

2

The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

Plaintiff objects that the Magistrate Judge erred in finding "that probable cause existed and that Defendants had qualified immunity." (ECF No. 74 at 1.) Because these are the only specific objections raised by Plaintiff, the Court invokes *de novo* review of these claims and reviews the rest of the Magistrate Judge's conclusions for clear error.

3

In her thorough Report, the Magistrate Judge detailed the events leading to Plaintiff's arrest for "willfully and maliciously expos[ing] his private parts" on two separate occasions. (ECF No. 72 at 9–12.) She noted that the Anderson Sherriff's Office documented incident reports based on the statements of both alleged victims and that Defendant Stanley Ashley ("Ashley") completed affidavits from these reports in support of the arrest warrants. Although Plaintiff was arrested and the grand jury returned true bill indictments on both charges, the Tenth Circuit Solicitor's Office declined to pursue the case and it was nolle prossed. The Magistrate Judge concluded that "in light of the totality of the circumstances, Ashley possessed sufficient evidence to believe, reasonably, that Plaintiff had committed crimes." (*Id.* at 12.)

The Magistrate Judge recognized Plaintiff's argument that one of the alleged victims gave contradictory statements. (*Id.* at 13.) Jane Morton ("Morton"), a patient of Plaintiff who claimed that he exposed himself to her during a chiropractic treatment session at Plaintiff's home, initially reported Plaintiff was wearing a towel and later stated Plaintiff was wearing a men's robe. (*Id.*) The Magistrate Judge found that this apparent inconsistency was not enough to indicate a lack of probable cause in light of the other evidence. (*Id.*)

Plaintiff relies on the deposition testimony of Deputy Patrick Marter ("Marter") to argue that the Magistrate Judge erred in finding probable cause existed. Marter completed an incident report based on Morton's statements regarding Plaintiff's alleged indecent exposure. In Marter's deposition, when asked "If the only evidence . . . is the

4

statement of the victim [and] if a victim has two contradictory statements, do you have probable cause?[,]" Marter responded no. (ECF No. 57-14 at 2.)

The Court agrees with the Magistrate Judge that Morton's inconsistent statements regarding Plaintiff's attire do not indicate a lack of probable cause—Marter's deposition testimony does not persuade the Court otherwise. As the Magistrate Judge noted, Morton consistently identified Plaintiff as the perpetrator who exposed himself to her while she was receiving chiropractic treatment. *See, e.g., Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991) ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker. . . . Indeed, it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself." (internal citations omitted)); *see also United States v. Beckham*, 325 F. Supp. 2d 678, 687 & n.16 (E.D. Va. 2004) (collecting cases). Further, the grand jury issued true bills of indictment on each of the charges, indicating *prima facie* evidence of probable cause. *See United States v. Soriano-Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007) (noting probable cause may be satisfied by a grand jury indictment); *United States ex rel. Haim v. Mathues*, 19 F.2d 22, 23 (3d Cir. 1927) ("The indictment is itself evidence that there was probable cause . . . "); *White v. Coleman*, 277 F.Supp. 292, 297 (D.S.C. 1967) ("[W]here the grand jury have returned a true bill upon the charge made, such finding amounts to a judicial recognition that probable cause does exist . . . and infers prima facie probable cause for the prosecution." (citation omitted)). Accordingly, the Court overrules this objection.

5

The Magistrate Judge also found that Plaintiff failed to establish a claim under the Fourteenth Amendment and the Court agrees. The Magistrate Judge found that Defendants did not violate Plaintiff's due process rights because Defendants in fact produced the alleged exculpatory audio recording and the charges against Plaintiff were dropped. *See Taylor v. Waters*, 81 F.3d 429, 436 n.5 (4th Cir. 1996); *Hockett v. Acosta*, 2004 WL 1242757, at *3 (W.D. Va. June 3, 2004) (finding no Fourteenth Amendment violation when plaintiffs did not allege that any favorable evidence was unavailable at their criminal trial); *Windham v. Graham*, 9:08-cv-1935, 2008 WL 3833789, at *7–*9 (D.S.C. Aug. 14, 2008) (pretrial detainee who alleged that police withheld favorable evidence had no cause of action under the Fourteenth Amendment because he had not yet been tried).

The Magistrate Judge further found that Defendants are entitled to qualified immunity and the Court agrees. For the reasons discussed above, Plaintiff has failed to establish that Defendants violated his constitutional rights—the qualified immunity doctrine therefore applies. *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 243 (2009) (finding defendants entitled to qualified immunity where their conduct "did not violate clearly established law"). Accordingly, the Court overrules this objection.

## **CONCLUSION**

After careful consideration of the relevant motions, responses, and objections, the Court finds that Plaintiff's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, adopts the Report, and

incorporates it herein. It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 53) is GRANTED and Plaintiff's claims are DISMISSED *with prejudice*. Plaintiff's motion in limine (ECF No. 59) is DENIED as moot.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
June 2, 2016